IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| TIME MANUFACTURING COMPANY,<br>    Plaintiff,<br><br>V.<br><br>TIME FRANCE S.A.S.; TIME IBERICA<br>PLATAFORMAS S.L.; JULIEN<br>BOURRELLIS; and GELEV S.A.S.<br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CAUSE NO. 6:15-CV-379 |

**MOTION FOR EXPEDITED HEARING OF PLAINTIFF TIME MANUFACTURING
COMPANY'S MOTION TO EXTEND TEMPORARY RESTRAINING ORDER**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Time Manufacturing Company ("**Plaintiff**") and files this Motion to Extend Temporary Restraining Order pursuant to Federal Rule of Civil Procedure 65, and would respectfully show the Court as follows:

I.

1. On December 22, 2015, the 414th District Court of McLennan County issued a Temporary Restraining Order restraining Defendants Time France S.A.S., Time Iberica Plataformas S.L., Julien Bourrellis, and Gelev S.A.S. ("Defendants") from:

> a. Marketing and selling Versalift aerial devices and accessories under any brand or trade name, including, but not limited to KLUBB, that is not authorized by Time Manufacturing Company in the countries of France, Tunisia, Morocco, and Algeria, or in the countries of Spain and Portugal;
>
> b. Marketing and selling products similar to the Versalift aerial devices and accessories under a different trade name, including, but not limited to, KLUBB, in the countries of France, Tunisia, Morocco, and Algeria, or in the countries of Spain and Portugal; and
>
> c. Manufacturing products similar to the Versalift aerial devices and accessories under a different trade name, including, but not limited

to, KLUBB, in the countries of France, Tunisia, Morocco, and Algeria, or in the countries of Spain and Portugal.[1]

The temporary restraining order is effective for fourteen (14) days, and will expire on January 5th, 2016. Defendant Time France S.A.S. filed a Notice of Removal to this Court on December 31, 2015. All injunctions, orders, and other proceedings had in an action prior to its removal shall remain in full force and effect until dissolved or modified by the district court.[2] Thus, the temporary restraining order issued by the 414th District Court of McLennan County is still currently in effect.

2. The Temporary Restraining Order should be extended for good cause shown. The 414th District Court of McLennan County set a hearing on Plaintiff's Application for Temporary Injunction for January 5th, 2016 at 9:00 a.m. The purpose of the hearing was to determine whether the temporary restraining order granted by this Court should be made a temporary injunction pending a full trial on the merits. As is evidenced by the Affidavit of Benjamin Evans, one of Plaintiff's attorneys of record, the Plaintiff, until served with Defendant Time France S.A.S.'s Notice of Removal on December 31, 2015, was unable to confirm whether any of the Defendants had been notified of the temporary injunction hearing.[3] Defendants are residents of the countries of France and Spain.[4] Plaintiff attempted to serve and notify the Defendants through an email on December 23, 2015, in which the Plaintiff sent the Defendants a copy of both Plaintiff's Original Petition, Application for Temporary Restraining Order, Request for Equitable Relief, and Request for Disclosure ("Plaintiff's Original Petition") and the Order for Issuance of Temporary Restraining Order and Setting Hearing on Application for Temporary Injunction (the "TRO/TI

---

[1] *See* Order for Issuance of Temporary Restraining Order and Setting Hearing on Application for Temporary Injunction, attached hereto and incorporated herein as **Exhibit A.**
[2] 28 U.S.C.S. § 1450.
[3] *See* Affidavit of Benjamin Evans, attached hereto and incorporated herein as **Exhibit B**.
[4] *Id.*

documents").[5] However, no response was made by the Defendants except for Defendant Time France S.A.S.'s Notice of Removal.[6] None of the other three Defendants have responded in any way regarding Plaintiff's email, and Plaintiff cannot confirm these Defendants' receipt of the same. Plaintiff also attempted to serve and notify the Defendants by faxing copies of Plaintiff's Original Petition and the TRO/TI documents.[7] It is unknown whether these documents were received or viewed by the Defendants, because the Defendants have not made any response regarding the faxes.[8]

3. Federal Rule of Civil Procedure 65 states that a temporary restraining order may be extended by the court for an additional fourteen (14) days if good cause is shown during the time so fixed by the temporary restraining order.[9] The Plaintiff has made good faith attempts to serve and notify the Defendants of the temporary injunction hearing, but cannot confirm the Defendants, other than Defendant Time France S.A.S., ever received notice. Good cause exists for the Court to grant Plaintiff's Motion to Extend Temporary Restraining Order.[10]

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court extend the Temporary Restraining Order and set a hearing on Plaintiff's Application for Temporary Injunction for January 19, 2016, at 9:00 a.m.; and allow the Temporary Restraining Order issued in this case to be continued in full force and effect until that time. Plaintiff requests any and all further relief in law or equity to which it is justly entitled.

---

[5] *Id.*; *see* Email attaching Plaintiff's Original Petition and the TRO/TI documents, attached hereto and incorporated herein as **Exhibit C**.
[6] *See* **Exhibit B**.
[7] *Id.*
[8] *Id.*
[9] TEX. RULE CIV. PRO. 680.
[10] *See Massingill v. Swanner*, No. 05-04-00918, 2005 WL 518965, at *1 (Tex. App.—Dallas Mar. 7, 2005, no pet.) (Court granted extension of temporary restraining order upon a showing that the plaintiff had been unable to serve the defendant.).

          Respectfully submitted,

          **HALEY ♦ OLSON**
          A PROFESSIONAL CORPORATION
          Triangle Tower, Suite 600
          510 North Valley Mills Drive
          Waco, Texas   76710
          Telephone:  (254) 776-3336
          Facsimile:   (254) 776-6823

BY:   /s/ Benjamin Evans
          **CRAIG D. CHERRY**
          Bar No. 24012419
          Email:  ccherry@haleyolson.com
          **BRANDON R. OATES**
          State Bar No. 24032921
          Email:  boates@haleyolson.com
          **BENJAMIN D. EVANS**
          State Bar No. 24081285
          Email: bevans@haleyolson.com

          **ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF CONFERENCE

On December 31, 2015, Plaintiff's counsel attempted to call counsel for Defendants but was unable to so because Defendants' counsel was out of the office. Also on December 31, 2015, Plaintiff's counsel emailed counsel for the Defendants, requesting that the parties come to an agreement regarding an extension of the temporary restraining order at issue. As of the filing of this motion, Defendants' counsel has failed to respond to the email. The temporary restraining order is set to expire Tuesday, January 5th, 2016. Because of the time constraint, coupled with the fact that the intervening weekend is the New Years' holiday, Plaintiff's counsel does not believe that any further chance to conference with Defendants' counsel will occur before a hearing on this matter must occur.

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this motion was served on the following counsel on December 31, 2015, by email:

Eric Nichols
Email: enichols@beckredden.com
Karson Thompson
Email: kthompson@beckredden.com

                                                          /s/ *Ben Evans*
                                                          Ben Evans

CAUSE NO. 2015-4876-5

| | | |
|---|---|---|
| TIME MANUFACTURING COMPANY,<br>Plaintiff, | § § § | IN THE DISTRICT COURT OF |
| V. | § § | McLENNAN COUNTY, TEXAS |
| TIME FRANCE S.A.S.; TIME IBERICA<br>PLATAFORMAS S.L.; JULIEN<br>BOURRELLIS; and GELEV S.A.S.<br>Defendants. | § § § § § | 414th JUDICIAL DISTRICT |

FILED 2015 DEC 22 AM 11:46

## ORDER FOR ISSUANCE OF TEMPORARY RESTRAINING ORDER AND SETTING HEARING ON APPLICATION FOR TEMPORARY INJUNCTION

After considering Plaintiff Time Manufacturing Company's application for temporary restraining order, the pleadings, the affidavits, and arguments of counsel, the Court finds there is evidence that harm is imminent to the Plaintiff, and if the Court does not issue a temporary restraining order, plaintiff will be irreparably injured because, unless the Defendants are immediately restrained, Defendants will continue to (a) market and sell Versalift aerial devices and accessories under a brand or trade name that is not authorized by Time Manufacturing Company, including but not limited to, KLUBB, in the countries of France, Tunisia, Morocco, and Algeria (i.e. the "Time France Territory"), or in the countries of Spain and Portugal (i.e. the "Time Iberica Territory"); (b) market and sell products similar to the Versalift aerial devices and accessories under different trade names, including, but not limited to, KLUBB, in the Time France Territory and the Time Iberica Territory; (c) manufacturing products similar to the Versalift aerial devices and accessories under different trade names, including, but not limited to, KLUBB, in the Time France Territory and the Time Iberica Territory. This injury will be irreparable unless this restraint is ordered because the Defendants will gain a competitive advantage over the Plaintiff and will be unjustly enriched by being able use the Plaintiff's trade


EXHIBIT A

secrets in the sale and marketing of similar products to the Versalift aerial devices and accessories.

2. An ex parte order, without notice to defendant, is necessary because there was not enough time to give notice to the defendant, hold a hearing, and issue a restraining order before irreparable injury, loss, or damage would occur. Specifically, unless this restraint is ordered the Defendants will gain a competitive advantage over the Plaintiff and will be unjustly enriched by being able use the Plaintiff's trade secrets in the sale and marketing of similar products to the Versalift aerial devices and accessories;

3. Plaintiff has no adequate remedy at law;

4. Plaintiff has exercised due diligence in prosecuting the underlying claim in this cause;

5. Plaintiff has demonstrated a probable right to recovery regarding the causes of action alleged;

6. Plaintiff's injury will outweigh any injury to Defendants that may occur on issuance of this restraining order;

7. The restraining order will not disserve the public interest;

8. The status quo should be maintained, in the public interest; and

9. Plaintiff's bond in the amount of $ 15,000.00 will fully protect Defendants' rights until a hearing can be held on Plaintiff's application for a temporary injunction.

IT IS THEREFORE ORDERED that a temporary restraining order issue, operative until the date of the hearing hereinafter ordered, restraining and enjoining Defendants Time France S.A.S., Time Iberica Plataformas S.L., Gelev S.A.S. and Julien Bourrellis from:

1. Marketing and selling Versalift aerial devices and accessories under any brand

or trade name, including but not limited to KLUBB, that is not authorized by Time Manufacturing Company in the countries of France, Tunisia, Morocco, and Algeria, or in the countries of Spain and Portugal.

2. Marketing and selling products similar to the Versalift aerial devices and accessories under a different trade name including, but not limited to KLUBB, in the countries of France, Tunisia, Morocco, and Algeria, or in the countries of Spain and Portugal; and

3. Manufacturing products similar to the Versalift aerial devices and accessories under a different trade name including, but not limited to, KLUBB, in the countries of France, Tunisia, Morocco, and Algeria, or in the countries of Spain and Portugal.

IT IS FURTHER ORDERED, that the clerk is ordered to issue notice to the Defendants, Time France S.A.S., Time Iberica Plataformas S.L., Julien Bourrellis, and Gelev S.A.S. that the hearing on Plaintiff's application for temporary injunction is set for Jan. 5, 2016, at 9:00 (a.m.)/p.m. The purpose of the hearing shall be to determine whether this temporary restraining order should be made a temporary injunction pending a full trial on the merits.

IT IS FURTHER ORDERED, that bond is set at $ 15,000.00 . Issuance of the above-stated restraining order is conditioned upon Plaintiff's posting of a bond payable to Defendants, conditioned and approved as required by law.

This order expires on _____, 20____.

BOND APPROVED

JON R GIMBLE, DISTRICT CLERK
McLENNAN COUNTY, TEXAS
22 DAY OF Dec , 2015
11:36 O'CLOCK A M

SIGNED on 22 at Dec, 2015. 11:25 a.m.

_____
JUDGE PRESIDING

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| TIME MANUFACTURING COMPANY,<br>    Plaintiff, | §<br>§<br>§ | |
| V. | §<br>§ | CAUSE NO. 6:15-CV-379 |
| TIME FRANCE S.A.S.; TIME IBERICA<br>PLATAFORMAS S.L.; JULIEN<br>BOURRELLIS; and GELEV S.A.S.<br>    Defendants. | §<br>§<br>§<br>§<br>§ | |

### AFFIDAVIT OF BENJAMIN EVANS

STATE OF TEXAS        )
                      )
COUNTY OF MCLENNAN )

Before me, the undersigned notary, on this day personally appeared Benjamin Evans, a person whose identity is known to me. After I administered an oath to him, and upon his oath he said:

1. "My name is Benjamin Evans. I am over the age of 18, am competent to execute this affidavit, and have not been convicted of a crime of moral turpitude or a felony offense. The facts stated within this affidavit are within my personal knowledge and are true and correct.

2. "I am an attorney of record for Time Manufacturing Company, Plaintiff in the above-styled and numbered action.

3. "On December 22, 2015, the 414th District Court of McLennan County entered a Temporary Restraining Order restraining Defendants Time France S.A.S., Time Iberica Plataformas S.L., Julien Bourrellis, and Gelev S.A.S. from:

- Marketing and selling Versalift aerial devices and accessories under any brand or trade name, including, but not limited to KLUBB, that is not authorized by Time Manufacturing Company in the countries of France, Tunisia, Morocco, and Algeria, or in the countries of Spain and Portugal;

- Marketing and selling products similar to the Versalift aerial devices and accessories under a different trade name, including, but not limited to, KLUBB, in the countries of France, Tunisia, Morocco, and Algeria, or in the countries of Spain and Portugal; and



- Manufacturing products similar to the Versalift aerial devices and accessories under a different trade name, including, but not limited to, KLUBB, in the countries of France, Tunisia, Morocco, and Algeria, or in the countries of Spain and Portugal.

4. The 414th District Court of McLennan County set a hearing on Plaintiff's Application for Temporary Injunction for January 5th, 2016 at 9:00 a.m.

5. Defendant Time France S.A.S. filed its Notice of Removal on December 31, 2015.

6. The Defendants are residents of France and Spain. On December 23, 2015, counsel for Time Manufacturing Company in Denmark sent an email to the Defendants and, as attachments to the email, were Plaintiff's Original Petition, Application for Temporary Restraining Order, Request for Equitable Relief, and Request for Disclosure ("Plaintiff's Original Petition") and the Order for Issuance of Temporary Restraining Order and Setting Hearing on Application for Temporary Injunction (the "TRO/TI Documents"). Despite sending this email on December 23, 2015, no response by the Defendants has been provided other than Time France S.A.S.'s recent Notice of Removal. The other three Defendants have not responded in any way to counsel's email. On December 30, 2015, the undersigned counsel's office attempted to fax the Plaintiff's Original Petition and TRO/TI Documents to the Defendants, however, no confirmation that the fax was received by the Defendants occurred. On December 31, 2015, the undersigned counsel's office again attempted to fax the Plaintiff's Original Petition and TRO/TI Documents to the Defendants, however, no confirmation that the fax was received by the Defendants occurred. The only Defendant that has made any type of response regarding the receipt of notice of the temporary injunction hearing is Time France S.A.S.

7. "After multiple attempts to provide notice of the Temporary Injunction hearing, I cannot confirm to the court that notice was received by the Defendants, other than Time France S.A.S., despite our best efforts. I believe that good cause exists for the Court to extend the Temporary Restraining Order that is currently in place for a time period not to exceed fourteen (14) days, and to extend the time and date for the hearing on Plaintiff's Application for Temporary Injunction."

FURTHER AFFIANT SAYETH NOT.

_____
Benjamin Evans

SUBSCRIBED AND SWORN TO BEFORE ME on _December 31_, 2015.

_Sarah Fuller_
Notary Public, State of Texas

SARAH FULLER
Notary Public
STATE OF TEXAS
My Comm. Exp. July 11, 2016

My commission expires: 7/11/16

# Benjamin Evans

| | |
|---|---|
| **From:** | Craig Cherry |
| **Sent:** | Wednesday, December 30, 2015 3:02 PM |
| **To:** | Benjamin Evans |
| **Subject:** | FW: Time France, Time Iberica and Julien Bourrellis vs Time Manufacturing Company - Restraining order and Court hearing |
| **Attachments:** | 2015-12-22 Pl's Orig Pet, App for TRO & RFD.PDF; 2015-12-22 Order Issuance of TRO and Setting Hearing for App Temp Injunc....pdf |

---

**From:** Lasse Arffmann Søndergaard Christensen LSC [mailto:lsc@gorrissenfederspiel.com]
**Sent:** Wednesday, December 23, 2015 6:27 AM
**To:** Gregoire.COLMET-DAAGE@gide.com; Choffel@gide.com
**Cc:** Bjarke Holm Hansen BHH
**Subject:** Time France, Time Iberica and Julien Bourrellis vs Time Manufacturing Company - Restraining order and Court hearing

Dear Sirs

Please be advised that according to the attached Order, there was yesterday issued a temporary restraining order prohibiting all of the defendants (Time France, Time Iberica and Julien Bourrellis) from manufacturing, marketing, or selling any aerial lifts or accessories that are similar to Versalift aerial devices or accessories in France, Spain, Portugal, Tunisia, Morocco and Algeria. Additionally, it prohibits the parties from selling Versalift aerial devices or accessories under a different name.

The Order was issued by the court of competence according to the parties agreements.

As follows from the order, a Court Hearing will be held on 5 January 2016, at 9:00AM (CST).

Kind regards,

Lasse Arffmann Søndergaard Christensen
Partner, LL.M. | Partner (H)

 Gorrissen Federspiel

Silkeborgvej 2, 8000 Aarhus C, Denmark
T +45 86 20 75 00   D +45 86 20 74 20   M +45 40 56 86 02
lsc@gorrissenfederspiel.com    www.gorrissenfederspiel.com

**Mergermarket European M&A Awards 2015**
Gorrissen Federspiel - M&A Legal Adviser of the Year Denmark

---

*This is an e-mail from the law firm Gorrissen Federspiel. This e-mail and any attachments are confidential and may contain legally privileged information solely for the use of the intended recipient. If you have received this e-mail by error, please notify the sender immediately and delete this message and any attachment from your system without producing, distributing or retaining copies hereof.*



EXHIBIT C (Blumberg No. 5119)

1